

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAYROCK GROUP LLC,

                    Plaintiff,

        v.

JOSHUA BERNSTEIN,

                   Defendant.

No.

COMPLAINT

Plaintiff Bayrock Group LLC ("Bayrock"), for its complaint against defendant Joshua Bernstein ("Bernstein"), alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action to remedy the damage caused by the unauthorized, disloyal and fraudulent conduct of Joshua Bernstein, a former employee of Bayrock Group LLC from November 2006 until his termination in September 2008.

2.    Unbeknownst to and without the approval of his superiors, Bernstein installed spyware on Bayrock's computers that enabled him to view (even remotely, i.e., from outside the Bayrock office), download and record the files, emails, website views and even keystrokes of every Bayrock employee. Then, upon his termination, Bernstein absconded with, in his own sworn words, "thousands" of documents (both hard copy and electronic) – documents that he retains possession of to this day.

3.    These documents included highly sensitive, confidential and proprietary information of Bayrock, including not only financial and deal information, but privileged attorney-client communications and even personal communications of Bayrock employees. Indeed, among the documents stolen by Bernstein from the Bayrock premises are extremely

sensitive documents related to a sealed criminal matter from the Eastern District (the disclosure of which in a publicly filed complaint led this Court to order its sealing).

4.      Bernstein also took Bayrock computer equipment, including the hard drive from the computer in his office and a company Blackberry.

5.      Not only has Bernstein refused all demands to return these documents and equipment, but he has compounded his illegal activity by using the information wrongfully obtained for his own purposes, and by disseminating these documents to third persons.

6.      Bayrock, through this action, seeks the return of its property, equitable relief to prevent Bernstein and his agents from any further use or dissemination of the documents and information contained therein, and compensatory damages for the losses and damage caused by Bernstein's egregious misconduct.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, as well as supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), as defendant Bernstein resides in this district, and under § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9.      Plaintiff Bayrock Group LLC is a limited liability company organized under the laws of the State of New York and having its principal place of business in Manhattan.  Bayrock is a real estate investment and development firm specializing in luxury hospitality, residential, commercial and mixed-use projects.

811480_2

10.     Defendant Joshua Bernstein is a natural person and resident of Westchester County.  Bernstein is a former employee of Bayrock.

## FACTS

11.     Bayrock hired Bernstein as a full-time employee on or about November 11, 2006.

12.     Bernstein's primary responsibility was to serve as a financial analyst and to assist in the identification and procurement of potential real estate investment opportunities for Bayrock.

13.     As a secondary responsibility, Bernstein was also asked to serve as the primary contact to the outside firms hired by Bayrock to provide information technology (IT) support.

14.     The Bayrock computer system is used extensively by Bayrock employees for the conduct of its real estate business, including interstate and foreign commerce.

15.     At some time in mid-2007, Bernstein asked Bayrock's outside IT support vendor to install spyware on the Bayrock computer system.

16.     This spyware enabled anyone with administrator access – including Bernstein – to view (including remotely), download and record the screens, emails, files and keystrokes of any workstation.

17.     The installation of this spyware was neither authorized by Bayrock nor was management of Bayrock aware of its installation.

18.     Indeed, Bernstein himself signed the purchase order for this installation – the only time that Bernstein had ever authorized any work order – and did not copy any other Bayrock employee or management on his communications with the installing vendor.

19.     Bernstein knew he had no authorization to install the program and made efforts to conceal its installation from Bayrock management.

3

20.     Bernstein installed this spyware to gain information for his own purposes, not to further any interests of Bayrock.

21.     Bayrock terminated Bernstein's employment in or around early September 2008.

22.     As he has admitted under oath,[1] following his termination Bernstein retained or took with him from Bayrock "thousands" of emails and "hundreds" of paper documents belonging to Bayrock.

23.     Bernstein also removed the hard drive from the Bayrock-owned computer in his office and took it with him.

24.     Bernstein also took his company-issued (and owned) Blackberry device and has not returned it.

25.     Among the documents and information taken by Bernstein were documents that are highly sensitive, confidential, and proprietary, including but not limited to:

      a.   Bayrock financial information;

      b.   Information about potential deals or investments;

      c.   Private emails and other personal documents or information belonging to Bayrock employees; and

      d.   Privileged attorney-client communications.

26.     Bernstein has not only used this information for his own purposes, he has disseminated this information and/or documents to third parties and has publicly disclosed certain of the information.

---

[1] Bernstein brought suit against Bayrock in New York Supreme Court, Westchester County (Index No. 02579/09), alleging that Bayrock had failed to pay purportedly promised compensation. Bernstein's admission to taking Bayrock documents was made in a deposition in that case.

4

27.     Bernstein turned over documents and or information wrongfully taken from Bayrock to his then-attorney, Frederick Oberlander, who on behalf of former Bayrock employee Jody Kriss included excerpts from these documents in a complaint filed in this court (*Kriss, et al. v. Bayrock Group LLC, et al.*, No. 10 Civ. 3959 (NRB)) (the "Kriss Action").

28.     Oberlander also included in the Kriss Action complaint numerous excerpts from the depositions taken in the Westchester action – questioning that had no apparent relevance to the Westchester action but appeared to be nothing more than fishing for purposes of filing the Kriss Action.

29.     Indeed, Kriss and Oberlander have made public court filings in which they disclosed highly sensitive information and documents relating to a sealed criminal matter in the Eastern District.  When alerted to the fact that references to sealed criminal case documents had been quoted in and attached to pleadings in a civil case, this Court immediately ordered the sealing of the complaint and enjoined its further dissemination.

30.     Bernstein has refused all requests from Bayrock to return the information, documents, and equipment wrongfully taken.

31.     Bayrock did not discover the installation of spyware or Bernstein's taking of information and equipment until after the termination of his employment, towards the end of 2008 or beginning of 2009.

32.     Bayrock was unable to determine that it was Bernstein who had caused the spyware to be installed until earlier this year as it recovered documents in response to discovery requests that Bernstein had issued in his Westchester lawsuit.

33.     As a result of Bernstein's actions, Bayrock has suffered losses and damage, including but not limited to the loss of equipment and the costs to investigate and remediate the installation of spyware and other unauthorized alterations of Bayrock's computer system.

34.     In addition, Bayrock and its employees/principals have also been damaged by the disclosure of such highly confidential information.  The potential damage (from, for example, the disclosure or use of Bayrock's financial and deal information) of Bernstein's continued possession of the stolen documents is both enormous and irreparable, and Bayrock has no adequate remedy at law.

### FIRST CAUSE OF ACTION
### Computer Fraud and Abuse Act, 18 U.S.C. § 1030

35.     The allegations in paragraphs 1 - 34 are incorporated herein.

36.     The Bayrock computers accessed by Bernstein are all used in or affecting interstate or foreign commerce or communications, and are thus "protected computers" within the meaning of 18 U.S.C. § 1030.

37.     Bernstein intentionally accessed one or more Bayrock protected computers without authorization or in excess of his authorization, and thereby obtained information from those computers.

38.     Bernstein knowingly, and with intent to defraud, accessed one or more Bayrock computers without authorization or in excess of his authorization and thereby furthered his intended fraud and obtained items of value, including equipment, information and documents.

39.     Bernstein knowingly caused the transmission of a program, to wit, spyware, and as a result of such conduct intentionally caused damage without authorization to one or more Bayrock protected computers.

6

40. Bernstein intentionally accessed one or more Bayrock protected computers without authorization and, as a result of such conduct, either recklessly caused damage or caused damage and loss.

41. By the foregoing actions Bernstein violated 18 U.S.C. § 1030.

42. These violations caused Bayrock and other persons loss aggregating at least $5,000 in value.

**SECOND CAUSE OF ACTION**
**Wiretap Act, 18 U.S.C. § 2510** *et seq.*

43. The allegations in paragraphs 1-42 are incorporated herein.

44. Bernstein intentionally intercepted or endeavored to intercept electronic communications of Bayrock as defined in 18 U.S.C. § 2510.

45. Bernstein intentionally disclosed or endeavored to disclose the contents of electronic communications of Bayrock, knowing or having reason to know that the information was obtained through interception of such communications in violation of the Wiretap Act.

46. Bernstein used or endeavored to use the contents of electronic communications of Bayrock, knowing or having reason to know that the information was obtained through interception of such communications in violation of the Wiretap Act.

47. By the foregoing actions, Bernstein violated the Wiretap Act.

**THIRD CAUSE OF ACTION**
**Stored Wire and Electronic Communications Act, 18 U.S.C § 2701** *et seq.*

48. The allegations in paragraphs 1-47 are incorporated herein.

49. The Bayrock computer system is a facility through which an electronic communications service is provided.

811480_2

50.     Bernstein intentionally accessed, without authorization or in excess of authorization, this facility and thereby obtained or altered electronic communications while in electronic storage.

51.     By the foregoing actions Bernstein knowingly or intentionally violated the Stored Wire and Electronic Communications Act.

## FOURTH CAUSE OF ACTION
### Recovery of Chattel, NY CPLR Art. 71

52.     The allegations in paragraphs 1-51 are incorporated herein.

53.     Bayrock is the owner and entitled to immediate possession of all documents (whether electronic or hard copy) taken from its offices by Bernstein.

54.     Bernstein took such documents wrongfully, illegally, without authorization from Bayrock, and he has no entitlement to possession thereof.

55.     The documents have no legitimately realizable value to Bernstein or ascertainable market value, but the value to Bayrock and its personnel is significant, and Bayrock would suffer enormous loss should the information be publicly divulged.  The value of the hardware on which the electronic versions of these documents are presumed to reside is expected to be no more than $500.00.

## FIFTH CAUSE OF ACTION
### Conversion

56.     The allegations in paragraphs 1-55 are repeated herein.

57.     Bayrock is the owner and entitled to immediate possession of all documents (whether electronic or hard copy) taken from its offices by Bernstein.

58.     Bernstein took such documents wrongfully, illegally, without authorization from Bayrock, and he has no entitlement to possession thereof.

8

811480_2

59.    Bernstein assumed dominion and control over such documents to the exclusion of Bayrock, and Bayrock has been damaged thereby.

## SIXTH CAUSE OF ACTION
### Trespass to Chattel

60.    The allegations in paragraphs 1-59 are repeated herein.

61.    Bernstein intentionally interfered with Bayrock's lawful possession of its chattels, including but not limited to Bayrock's computer system and documents, files and other information stored thereon.

62.    Bayrock was harmed as a result of such interference by Bernstein.

## SEVENTH CAUSE OF ACTION
### Breach of Fiduciary Duty / Duty of Confidentiality

63.    The allegations in paragraphs 1-62 are repeated herein.

64.    As an employee of Bayrock, Bernstein owed Bayrock fiduciary duties, including an absolute duty not to divulge or use for his own benefit any confidential information learned during his employment.

65.    The documents taken by Bernstein from Bayrock included information that was confidential, proprietary, and trade secrets.

66.    Bernstein has divulged this confidential information to third parties and used such information for his own interests, thus breaching his fiduciary duties, and Bayrock has been damaged as a result.

67.    Any further dissemination of this confidential information will damage Bayrock and its employees irreparably.

811480_2

WHEREFORE, Plaintiff Bayrock Group LLC demands judgment against defendant Joshua Bernstein as follows:

A. An order awarding possession to Bayrock of all documents, whether in paper or electronic form, taken by Bernstein and directing Bernstein and his agents to deliver such documents (and all copies thereof), including any devices on which such documents reside, to Bayrock;

B. Preliminary and permanent injunctive relief enjoining Bernstein and his agents from copying, disseminating or using the documents taken from Bayrock or the information contained therein;

C. Actual damages in an amount to be determined at trial;

D. Statutory damages;

E. Punitive damages;

F. An accounting of any profits earned by Bernstein through his use of the documents or confidential information wrongfully taken from Bayrock;

G. Reasonable attorneys' fees and costs; and

H. Such other and further relief as the court deems just and proper.

Dated: August 19, 2010
       New York, NY

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
       Walter A. Saurack
       Glenn C. Edwards
       230 Park Avenue, 11th Floor
       New York, NY 10169
       (212) 818-9200
       (212) 818-9606/7 (facsimile)
       Attorneys for Plaintiff – Bayrock Group LLC

10

811480_2