Wrobel & Schatz LLP
Attorneys for Defendant
1040 Avenue of the Americas, Suite 1101
New York, NY 10018
Tel.: (212) 421-8100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BAYROCK GROUP LLC,

                                 Plaintiff,

                -against-

JOSHUA BERNSTEIN,

                                Defendant.
-------------------------------------------------------------x

ECF CASE

10-cv-06338 (NRB)

ANSWER

<u>JURY TRIAL
DEMANDED</u>

      Defendant JOSHUA BERNSTEIN ("Bernstein"), as and for his ANSWER to the Complaint of plaintiff BAYROCK GROUP LLC ("Bayrock"), responds as follows:

      1.     Denies knowledge or information sufficient to admit or deny paragraph 1.

      2.     Denies paragraph 2.

      3.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 3 related to unidentified "documents," but denies allegation that Bernstein "stole" any materials.

      4.     Denies paragraphs 4-5.

-2-

5. Denies knowledge or information sufficient to admit or deny paragraph 6.

6. States that paragraphs 7-8 contain legal conclusions as to which no response is required.

7. Denies knowledge or information sufficient to admit or deny paragraph 9.

8. Denies knowledge or information sufficient to admit or deny paragraph 11, except admits that Bernstein was employed by Bayrock as a full time employee.

9. Denies knowledge or information sufficient to admit or deny paragraphs 12-13, except admits that Bernstein had responsibility as a financial analyst, in the identification and procurement of potential real estate investment opportunities for Bayrock and as the primary contact to the outside firms hired by Bayrock to provide information technology support.

10. Denies knowledge or information sufficient to admit or deny paragraph 14.

11. Denies the allegations of paragraph 15, except admits that Bernstein worked with outside firms hired by Bayrock to provide information technology support and that he did so with the knowledge and consent of Bayrock's management.

12. Denies knowledge or information sufficient to admit or deny paragraph 16.

13. Denies paragraphs 17.

14. Denies paragraph 18, except admits the Bernstein signed the work order, which was approved by Bayrock management.

15. Denies paragraphs 19-21.

16. Denies the allegations of paragraph 22, refers to the testimony under oath for a true and accurate statement of its contents and admits that Bernstein brought suit against Bayrock in New York Supreme Court, Westchester County (Index No. 02579/09), which case is still pending.

17. Denies paragraph 23 except admits that Bernstein brought home a hard drive with the knowledge and consent of Bayrock's management.

18. Denies paragraph 24.

19. Denies knowledge or information sufficient to admit or deny paragraph 25.

20. Denies paragraph 26, except admit that Bernstein has disclosed information to his attorneys.

21. Denies the allegations in paragraphs 27-28, except admits that there is a case filed this Court captioned *Kriss, et al. v. Bayrock Group LLC et al.*, No. 10 Civ. 3959 (NRB) and refers the Court to the documents filed in that matter for a true and accurate statement of their contents.

22. Denies knowledge or information sufficient to admit or deny paragraph 29

23. Denies paragraph 30.

24. Denies knowledge or information sufficient to admit or deny paragraph 31.

25. Denies paragraphs 32-34.

26. States that paragraph 35 is a summary paragraph as to which no additional response is required.

27. States that paragraph 36 contains legal conclusions as to which no response is required and, to the extent a response is required, denies knowledge or information sufficient to admit or deny paragraph 36.

28. Denies paragraphs 37-42.

29. States that paragraph 43 is a summary paragraph as to which no additional response is required.

30. Denies paragraphs 44-47.

31. States that paragraph 48 is a summary paragraph as to which no additional response is required.

32. Denies knowledge or information sufficient to admit or deny paragraph 49.

33. Denies paragraphs 50-51.

34. States that paragraph 52 is a summary paragraph as to which no additional response is required.

35. Denies paragraphs 53-55.

36. States that paragraph 56 is a summary paragraph as to which no additional response is required.

37. Denies paragraphs 57-59.

38. States that paragraph 60 is a summary paragraph as to which no additional response is required.

39. Denies paragraph 61-62.

40. States that paragraph 63 is a summary paragraph as to which no additional response is required.

41. States that paragraph 64 contains legal conclusions as to which no response is required and, to the extent a response is required, denies paragraph 36.

42. Denies paragraph 65-67.

## Affirmative Defenses

### First Affirmative Defense

43. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

44. Each of the causes of action in the Complaint is barred by the doctrine of waiver.

### Third Affirmative Defense

45. Each of the causes of action in the Complaint is barred by the doctrine of laches.

### Fourth Affirmative Defense

46. Each of the causes of action in the Complaint is barred by the doctrine of estoppel.

### Fifth Affirmative Defense

47. Each of the causes of action in the Complaint is barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

48. Each of the causes of action in the Complaint is barred because there is a prior action pending in New York State Court.

### Seventh Affirmative Defense

49. The Complaint is barred by the applicable statute of limitations, including, without limitation, 18 U.S.C. § 2520(e) and 18 U.S.C § 2707(f).

### Eighth Affirmative Defense

50. Upon information and belief, Bayrock lacks standing to pursue the claims.

### Ninth Affirmative Defense

51. Upon information and belief, plaintiff failed to exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites prior to the commencement of this action.

### Tenth Affirmative Defense

52. Upon information and belief, plaintiff claims are barred in whole or in part by the de minimis doctrine.

## Conclusion

WHEREFORE, defendant JOSHUA BERNSTEIN respectfully requests that judgment be entered in his favor against plaintiff BAYROCK GROUP LLC., dismissing the Complaint with prejudice and costs, and granting such other and further relief as the court deems just and proper, including sanctions against Plaintiff and its counsel for bringing knowingly false and frivolous claims.

Dated:   New York, New York
         November 1, 2010

>                       WROBEL & SCHATZ LLP
>
>                       By:
>                           /s
>                           ———————————————————
>                           David C. Wrobel
>                           1040 Avenue of the Americas, Suite 1101
>                           New York, NY 10018-3703
>                           Tel.: (212) 421-8100 x 313
>                           *Attorneys for Joshua Bernstein*

To:   Via ECF
      Satterlee Stephens Burke & Burke LLP
      230 Park Avenue, 11th floor
      New York, NY 10169
      (212) 818-9200
      *Attorneys for Bayrock Group LLC*